**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MARYLAND**

**DENISE ROSANE MARTINS BEZ**
Rua Duarte Schutel 152, Apt. 202
Florianópolis - SC, 88015-640, Brazil

and

**ELIZABETH MARTINS OLIVO**
Rua Prof Pedro Parigot de Souza 122, Ap. 602
Curitiba – PR, 81280-330, Brazil

**Plaintiff,**

***v.***

**MARRIOTT INTERNATIONAL, INC.**
10400 Fernwood Road
Bethesda, MD 20817
*Serve*
The Corporation Trust Incorporated
2405 York Road, Suite 201
Lutherville-Timonium, MD 21093

and

**MARRIOTT INTERNATIONAL HOTELS, INC**
10400 Fernwood Road
Bethesda, MD 20817
*Serve*
The Corporation Trust Incorporated
2405 York Road, Suite 201
Lutherville-Timonium, MD 21093

and

**MARRIOTT MENA HOUSE – CAIRO**
6 Pyramids Road, Giza
Cairo, Egypt 12556
*Serve*
The Corporation Trust Incorporated
2405 York Road, Suite 201
Lutherville-Timonium, MD 21093

and

**Civil Action No. 24-2827**

| | |
|---|---|
| **LUXURY HOTELS INTERNATIONAL MANAGEMENT COMPANY B.V.**<br>Unit No. 102, First Floor, Suite No. 3, Al-Marwa Project Heliopolis, Cairo.<br>*Serve*<br>The Corporation Trust Incorporated<br>2405 York Road, Suite 201<br>Lutherville-Timonium, MD 21093<br><br>and<br><br>**MARRIOTT HOTELS INTERNATIONAL B.V.**<br>10400 Fernwood Road<br>Bethesda, MD 20817<br>*Serve*<br>The Corporation Trust Incorporated<br>2405 York Road, Suite 201<br>Lutherville-Timonium, MD 21093<br><br>**Defendants.** | |

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiffs, Denise Rosane Martins Bez (*hereinafter*, "Plaintiff Bez"), and Elizabeth Martins Olivo (*hereinafter*, "Plaintiff Olivo"), by and through undersigned counsel, and file this suit against Defendants, Marriott International, Inc. (*hereinafter*, "Defendant Marriott International"), Marriott International Hotels, Inc. (*hereinafter*, "Defendant Marriott International Hotels"), Marriott Mena House – Cairo (*hereinafter*, "Defendant Marriott Cairo"), Luxury Hotels International Management Company B.V. (*hereinafter,* "Defendant Luxury Hotels"), and Marriot Hotels International B.V. (*hereinafter*, "Defendant Marriott Hotels") and states the following in support thereof:

**<u>THE PARTIES</u>**

1. Plaintiff Bez is and was, at all times relevant, an adult resident of Brazil.

2. Plaintiff Olivo is and was, at all times relevant, an adult resident of Brazil.

3. Defendant Marriott International is and was, at all times relevant, a Delaware corporation with its principal place of business in Bethesda, Maryland. Defendant Marriott

International offers hospitality and leisure services at hotels and resorts it owns and operates in cities and countries around the world.

4. Defendant Marriott International Hotels is and was, at all times relevant, a Delaware corporation with its principal place of business in Bethesda, Maryland. Defendant Marriott International offers hospitality and leisure services at hotels and resorts it owns and operates in cities and countries around the world.

5. Defendant Marriott Cairo is and was, at all times relevant, an Egyptian company owned and controlled by Defendants Marriott International and Defendant Marriott International Hotels, Delaware corporations with their principal place of business in Bethesda, Maryland. Defendant Marriott Cairo offers hospitality and leisure services at hotels and resorts it owns and operates in cities and countries around the world.

6. Defendant Luxury Hotels is and was, at all times relevant, an Egyptian Company, owned and controlled by Defendants Marriott International and Marriott International Hotels, Delaware corporations with their principal place of business in Bethesda, Maryland. Defendant Luxury Hotels offers hospitality and leisure services at hotels and resorts it owns and operates in cities and countries around the world.

7. Defendant Marriott Hotels is and was, at all times relevant, an Egyptian Company, owned and controlled by Defendants Marriott International and Marriott International Hotels, Delaware corporations with their principal place of business in Bethesda, Maryland. Defendant Marriott Hotels offers hospitality and leisure services at hotels and resorts it owns and operates in cities and countries around the world.

8. Upon information and belief, Super Sports Company is and was, at all times relevant, an Egyptian Company with its principal office located in Giza, Egypt and was

contracted by Defendant Marriot International, Marriott Internation Hotels, Marriott Cairo, Luxury Hotels, and/or Marriott Hotels, to build the subject archway that injured the Plaintiffs.

**JURISDICTION AND VENUE**

9. Venue properly exists under 28 U.S.C. § 1391(b)(2) in the District of Maryland as the Defendants are headquartered in the District of Maryland and it is a convenient forum.

10. Subject matter jurisdiction of this Court is involved pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds the value of $75,000 and the controversy is between citizens of this state and citizens of a foreign state.

11. Personal jurisdiction and venue of this Court is invoked pursuant to Md. Code Ann., Cts. & Jud. Proc. §6-103 (b)(2) and (b)(4).

12. The Plaintiffs hereby demand a jury trial on the allegations below.

**FACTS COMMON TO ALL COUNTS**

13. On or about November 23, 2022, Plaintiff Bez and Plaintiff Olivo (*collectively* "Plaintiffs") traveled to Cairo Egypt for a planned vacation, previously booked through Defendants Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, and Defendant Marriott Hotels (*collectively* "Marriott Defendants").

14. During the Plaintiffs' trip, they were guests of the Marriott Mena House – Cairo, located at 6 Pyramids Road, Giza, Cairo, Egypt 12556, owned, managed, and controlled by the Marriott Defendants, by and through their agents, servants, and employees.

15. Upon information and belief, the Marriott Defendants contracted with Super Sports Company to build and maintain an archway for the Stad El-Arab World Cup Tournament

on the Marriott Mena House – Cairo's property located at 6 Pyramids Road, Giza, Cairo, Egypt 12556.

16. On November 25, 2022, the Plaintiffs and fellow guests were walking through the hotel/resort, Marriott Mena House – Cairo, under the archway, when the archway collapsed on top of the Plaintiffs, causing severe mental and permanent physical injuries to Plaintiffs.

17. The Plaintiffs have permanent injuries that have restricted their ability to live their lives and care for themselves and their families.

**COUNT I – NEGLIGENCE**

(Plaintiff Denise Rosane Martins Bez v. Defendant Marriott International, Inc.)

18. Plaintiff Bez realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 17, as if the same were set forth at length herein.

19. Defendant Marriott International, at all times relevant, is and was the operator of the hotel/resort, Marriott Mena House - Cairo, by and though their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and their agents, servants, and employees, and was responsible for the construction of and maintenance of the archway that collapsed, by and through their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, and otherwise had a duty to use reasonable and ordinary care to maintain the hotel/resort, Marriott Mena House – Cairo, and build and maintain the archway in a safe manner for Plaintiff Bez and all others, and had a duty to protect against injury caused by an unreasonable risk, which Plaintiff Bez, by exercising ordinary care, could not discover.

20. Upon information and belief, Defendant Marriott International's agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, were acting in the course and scope of employment with Defendant Marriott International.

21. Defendant Marriott International, therefore, as principal for Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels, and Super Sports Company, is liable for the wrongful conduct of their agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, under the law of vicarious liability, including the Doctrine of *Respondeat Superior*.

22. In particular, Defendant Marriott International had a duty to, *inter alia*:

a. Create and maintain a hazard free environment on their property;

b. Maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Identify hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

d. Rectify hazardous condition(s) which it knew or should have known was on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

e. Warn the Plaintiffs and others legally on the property of any hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

f. Monitor and inspect their property for hazards, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

g. Use ordinary care to inspect maintain and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for the use of the Plaintiffs and others who would foreseeably walk under the archway built for the Stad El-Arab World Cup Tournament;

h. Otherwise exercise reasonable care of their property under the circumstances then and there existing.

23. Defendant Marriott International, by and through its agents, servants, employees, including, but not limited to, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees breached the applicable standards of care, and were negligent by, *inter alia*:

a. Creating the hazardous condition on their property, the archway built for the Stad El-Arab World Cup Tournament;

b. Failing to maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Failing to identify the hazardous condition of the archway built for the Stad El-Arab World Cup Tournament under which Plaintiff Bez was injured;

d. Failing to rectify the hazardous condition under which Plaintiff Bez was injured when it was aware or should have been aware of the condition of the archway, or reasonably should have been aware of the condition;

e. Failing to warn Plaintiff Bez, as an individual legally on the property, under the archway, of the hazardous condition of the archway;

f. Failing to monitor and/or inspect the archway built for the Stad El-Arab World Cup Tournament for its hazardous condition;

g. Failing to use ordinary care to inspect, maintain, and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for Plaintiff Bez's use, as a member of the public who would foreseeably walk under the archway;

h. Defendant Marriott International otherwise failed to exercise reasonable and ordinary care under the circumstances then and there existing.

24. As a direct and proximate result of Defendant Marriott International's negligent acts and omissions, Plaintiff Bez sustained severe, permanent, life-altering injuries, which necessitated medical evaluation and treatment, which will require ongoing medical treatment.

25. As a further direct and proximate result of Defendant Marriott International's negligent acts and omissions, Plaintiff Bez has incurred medical and related expenses and will incur additional medical and related expenses in the future.

26. As a further direct and proximate result of Defendant Marriott International's negligent acts and omissions and statutory violations, Plaintiff Bez incurred and will continue to incur lost wages and a loss of her earning capacity.

27. As a further direct and proximate result of Defendant Marriott International's negligent acts and omissions, Plaintiff Bez suffered severe and permanent injuries to her mind and body that limited and will limit her usual activities.

28. As a further direct and proximate result of Defendant Marriott International's negligent acts and omissions, Plaintiff Bez has been forced to undergo, and will continue to undergo in the future, physical, mental, and emotional pain and suffering.

29. All of the Plaintiff Bez's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Marriott International and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Bez and without an opportunity for the Plaintiff to avoid the collapsing archway.

WHEREFORE, Plaintiff, Denise Rosane Martins Bez demands judgment against Defendant Marriott International, Inc., in a sum that exceeds Seventy-Five Thousand Dollars ($ 75,000.00), plus interests, costs and all other relief deemed necessary and just under the circumstances.

**COUNT II – NEGLIGENCE**

(Plaintiff Denise Rosane Martins Bez v. Defendant Marriott International Hotels, Inc.)

30. Plaintiff Bez realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 29, as if the same were set forth at length herein.

31. Defendant Marriott International Hotels, at all times relevant, is and was the operator of the hotel/resort, Marriott Mena House – Cairo, by and though their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and their agents, servants, and employees, and was responsible for the construction of and maintenance of the archway that collapsed, by and

through their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, and otherwise had a duty to use reasonable and ordinary care to maintain the hotel/resort, Marriott Mena House – Cairo, and build and maintain the archway in a safe manner for Plaintiff Bez and all others, and had a duty to protect against injury caused by an unreasonable risk, which Plaintiff Bez, by exercising ordinary care, could not discover.

32. Upon information and belief, Defendant Marriott International Hotels' agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, were acting in the course and scope of employment with Defendant Marriott International Hotels.

33. Defendant Marriott International Hotels, therefore, as a principal for Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels, and Super Sports Company, is liable for the wrongful conduct of their agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, under the law of vicarious liability, including the Doctrine of *Respondeat Superior*.

34. In particular, Defendant Marriott International Hotels had a duty to, *inter alia*:

a. Create and maintain a hazard free environment on their property;

b. Maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Identify hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

d. Rectify hazardous condition(s) which it knew or should have known was on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

e. Warn the Plaintiffs and others legally on the property of any hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

f. Monitor and inspect their property for hazards, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

g. Use ordinary care to inspect maintain and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for the use of the Plaintiffs and others who would foreseeably walk under the archway built for the Stad El-Arab World Cup Tournament;

h. Otherwise exercise reasonable care of their property under the circumstances then and there existing.

35. Defendant Marriott International Hotels, by and through its agents, servants, employees, including, but not limited to, Defendant Marriott International, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees breached the applicable standards of care, and were negligent by, *inter alia*:

a. Creating the hazardous condition on their property, the archway built for the Stad El-Arab World Cup Tournament;

b. Failing to maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Failing to identify the hazardous condition of the archway built for the Stad El-Arab World Cup Tournament under which Plaintiff Bez was injured;

d. Failing to rectify the hazardous condition under which Plaintiff Bez was injured when it was aware or should have been aware of the condition of the archway, or reasonably should have been aware of the condition;

e. Failing to warn Plaintiff Bez, as an individual legally on the property, under the archway, of the hazardous condition of the archway;

f. Failing to monitor and/or inspect the archway built for the Stad El-Arab World Cup Tournament for its hazardous condition;

g. Failing to use ordinary care to inspect, maintain, and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for Plaintiff Bez's use, as a member of the public who would foreseeably walk under the archway;

h. Defendant Marriott International Hotels otherwise failed to exercise reasonable and ordinary care under the circumstances then and there existing.

36. As a direct and proximate result of Defendant Marriott International Hotels' negligent acts and omissions, Plaintiff Bez sustained severe, permanent, life-altering injuries, which necessitated medical evaluation and treatment, which will require ongoing medical treatment.

37. As a further direct and proximate result of Defendant Marriott International Hotels' negligent acts and omissions, Plaintiff Bez has incurred medical and related expenses and will incur additional medical and related expenses in the future.

38. As a further direct and proximate result of Defendant Marriott International Hotels' negligent acts and omissions and statutory violations, Plaintiff Bez incurred and will continue to incur lost wages and a loss of her earning capacity.

39. As a further direct and proximate result of Defendant Marriott International Hotels' negligent acts and omissions, Plaintiff Bez suffered severe and permanent injuries to her mind and body that limited and will limit their usual activities.

40. As a further direct and proximate result of Defendant Marriott International Hotels' negligent acts and omissions, Plaintiff Bez have been forced to undergo, and will continue to undergo in the future, physical, mental, and emotional pain and suffering.

41. All of the Plaintiff Bez's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Marriott International Hotels and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Bez and without an opportunity for Plaintiff Bez to avoid the collapsing archway.

WHEREFORE, Plaintiff, Denise Rosane Martins Bez demands judgment against Defendant Marriott International Hotels, Inc., in a sum that exceeds Seventy-Five Thousand Dollars ($ 75,000.00), plus interests, costs and all other relief deemed necessary and just under the circumstances.

**COUNT III – NEGLIGENCE**

(Plaintiff Denise Rosane Martins Bez v. Defendant Marriott Mena House - Cairo)

42. Plaintiff Bez realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 41, as if the same were set forth at length herein.

43. Defendant Marriott Cairo, at all times relevant, is and was the operator of the hotel/resort, Marriott Mena House – Cairo, by and though their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Luxury Hotels, Defendant Marriott Hotels and their agents, servants, and employees, and was responsible for the construction of and maintenance of the archway that collapsed, by and through their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, and otherwise had a duty to use reasonable and ordinary care to maintain the hotel/resort, Marriott Mena House – Cairo, and build and maintain the archway in a safe manner for Plaintiff Bez and all others, and had a duty to protect against injury caused by an unreasonable risk, which Plaintiff Bez, by exercising ordinary care, could not discover.

44. Upon information and belief, Defendant Marriott Cairo's agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, were acting in the course and scope of employment with Defendant Marriott Cairo.

45. Defendant Marriott Cairo, therefore, as principal for Defendant Marriott International, Defendant Marriott International Hotels, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company is liable for the wrongful conduct of their agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Luxury Hotels, Defendant Marriott Hotels

and Super Sports Company and their agents, servants, and employees, under the law of vicarious liability, including the Doctrine of *Respondeat Superior*.

46. In particular, Defendant Marriott Cairo had a duty to, *inter alia*:

a. Create and maintain a hazard free environment on their property;

b. Maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Identify hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

d. Rectify hazardous condition(s) which it knew or should have known was on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

e. Warn the Plaintiffs and others legally on the property of any hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

f. Monitor and inspect their property for hazards, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

g. Use ordinary care to inspect maintain and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for the use of the Plaintiffs and others who would foreseeably walk under the archway built for the Stad El-Arab World Cup Tournament;

h. Otherwise exercise reasonable care of their property under the circumstances then and there existing.

47. Defendant Marriott Cairo, by and through its agents, servants, employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees breached the applicable standards of care, and were negligent by, *inter alia*:

a. Creating the hazardous condition on their property, the archway built for the Stad El-Arab World Cup Tournament;

b. Failing to maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Failing to identify the hazardous condition of the archway built for the Stad El-Arab World Cup Tournament under which Plaintiff Bez was injured;

d. Failing to rectify the hazardous condition under which Plaintiff Bez was injured when it was aware or should have been aware of the condition of the archway, or reasonably should have been aware of the condition;

e. Failing to warn Plaintiff Bez, as an individual legally on the property, under the archway, of the hazardous condition of the archway;

f. Failing to monitor and/or inspect the archway built for the Stad El-Arab World Cup Tournament for its hazardous condition;

g. Failing to use ordinary care to inspect, maintain, and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for Plaintiff Bez's use, as a member of the public who would foreseeably walk under the archway;

h. Defendant Marriott Cairo otherwise failed to exercise reasonable and ordinary care under the circumstances then and there existing.

48. As a direct and proximate result of Defendant Marriott Cairo's negligent acts and omissions, Plaintiff Bez sustained severe, permanent, life-altering injuries, which necessitated medical evaluation and treatment, which will require ongoing medical treatment.

49. As a further direct and proximate result of Marriott Cairo's negligent acts and omissions, Plaintiff Bez has incurred medical and related expenses and will incur additional medical and related expenses in the future.

50. As a further direct and proximate result of Defendant Marriott Cairo's negligent acts and omissions and statutory violations, Plaintiff Bez incurred and will continue to incur lost wages and a loss of their earning capacity.

51. As a further direct and proximate result of Defendant Marriott Cairo's negligent acts and omissions, Plaintiff Bez suffered severe and permanent injuries to her mind and body that limited and will limit her usual activities.

52. As a further direct and proximate result of Marriott Cairo's negligent acts and omissions, Plaintiff Bez has been forced to undergo, and will continue to undergo in the future, physical, mental, and emotional pain and suffering.

53. All of the Plaintiff Bez's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Marriott Cairo and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Bez and without an opportunity for Plaintiff Bez to avoid the collapsing archway.

WHEREFORE, Plaintiff, Denise Rosane Martins Bez demands judgment against Defendant Marriott Mena House – Cairo, in a sum that exceeds Seventy-Five Thousand Dollars

($ 75,000.00), plus interests, costs and all other relief deemed necessary and just under the circumstances.

**COUNT IV – NEGLIGENCE**

(Plaintiff Denise Rosane Martins Bez v. Defendant Luxury Hotels International Management Company, B.V.)

54. Plaintiff Bez realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 53, as if the same were set forth at length herein.

55. Defendant Luxury Hotels, at all times relevant, is and was the operator of the hotel/resort, Marriott Mena House – Cairo, by and though their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Marriott Hotels and their agents, servants, and employees, and was responsible for the construction of and maintenance of the archway that collapsed, by and through their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, and otherwise had a duty to use reasonable and ordinary care to maintain the hotel/resort, Marriott Mena House – Cairo, and build and maintain the archway in a safe manner for Plaintiff Bez and all others, and had a duty to protect against injury caused by an unreasonable risk, which Plaintiff Bez, by exercising ordinary care, could not discover.

56. Upon information and belief, Defendant Luxury Hotels' agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Marriott Hotels and Super Sports

Company and their agents, servants, and employees, were acting in the course and scope of employment with Defendant Luxury Hotels.

57. Defendant Luxury Hotels, therefore, as principal for Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Marriott Hotels and Super Sports Company, is liable for the wrongful conduct of their agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, under the law of vicarious liability, including the Doctrine of *Respondeat Superior*.

58. In particular, Defendant Luxury Hotels had a duty to, *inter alia*:

a. Create and maintain a hazard free environment on their property;

b. Maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Identify hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

d. Rectify hazardous condition(s) which it knew or should have known was on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

e. Warn the Plaintiffs and others legally on the property of any hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

f. Monitor and inspect their property for hazards, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

g. Use ordinary care to inspect maintain and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for the use of the Plaintiffs and others who would foreseeably walk under the archway built for the Stad El-Arab World Cup Tournament;

h. Otherwise exercise reasonable care of their property under the circumstances then and there existing.

59. Defendant Luxury Hotels, by and through its agents, servants, employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees breached the applicable standards of care, and were negligent by, *inter alia*:

a. Creating the hazardous condition on their property, the archway built for the Stad El-Arab World Cup Tournament;

b. Failing to maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Failing to identify the hazardous condition of the archway built for the Stad El-Arab World Cup Tournament under which Plaintiff Bez was injured;

d. Failing to rectify the hazardous condition under which Plaintiff Bez was injured when it was aware or should have been aware of the condition of the archway, or reasonably should have been aware of the condition;

e. Failing to warn Plaintiff Bez, as an individual legally on the property, under the archway, of the hazardous condition of the archway;

f. Failing to monitor and/or inspect the archway built for the Stad El-Arab World Cup Tournament for its hazardous condition;

g. Failing to use ordinary care to inspect, maintain, and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for Plaintiff Bez's use, as a member of the public who would foreseeably walk under the archway;

h. Defendant Luxury Hotels otherwise failed to exercise reasonable and ordinary care under the circumstances then and there existing.

60. As a direct and proximate result of Defendant Luxury Hotels' negligent acts and omissions, Plaintiff Bez sustained severe, permanent, life-altering injuries, which necessitated medical evaluation and treatment, which will require ongoing medical treatment.

61. As a further direct and proximate result of Luxury Hotels' negligent acts and omissions, Plaintiff Bez has incurred medical and related expenses and will incur additional medical and related expenses in the future.

62. As a further direct and proximate result of Defendant Luxury Hotels' negligent acts and omissions and statutory violations, Plaintiff Bez incurred and will continue to incur lost wages and a loss of her earning capacity.

63. As a further direct and proximate result of Defendant Luxury Hotels' negligent acts and omissions, Plaintiff Bez suffered severe and permanent injuries to her mind and body that limited and will limit her usual activities.

64. As a further direct and proximate result of Luxury Hotels' negligent acts and omissions, Plaintiff Bez has been forced to undergo, and will continue to undergo in the future, physical, mental, and emotional pain and suffering.

65. All of the Plaintiff Bez's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Luxury Hotels and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Bez and without an opportunity for Plaintiff Bez to avoid the collapsing archway.

WHEREFORE, Plaintiff, Denise Rosane Martins Bez demands judgment against Defendant Luxury Hotels International Management Company, B.V., in a sum that exceeds Seventy-Five Thousand Dollars ($ 75,000.00), plus interests, costs and all other relief deemed necessary and just under the circumstances.

**COUNT V – NEGLIGENCE**

(Plaintiff Denise Rosane Martins Bez v. Defendant Marriott Hotels International, B.V.)

66. Plaintiff Bez realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 65, as if the same were set forth at length herein.

67. Defendant Marriott Hotels, at all times relevant, is and was the operator of the hotel/resort, Marriott Mena House – Cairo, by and though their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, and their agents, servants, and employees, and was responsible for the construction of and maintenance of the archway that collapsed, by and through their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, and Super Sports Company and their agents, servants, and employees, and otherwise had a duty to use reasonable and ordinary care to maintain the hotel/resort, Marriott Mena House – Cairo, and build and maintain the archway in a safe manner for Plaintiff Bez and all others, and had a duty

to protect against injury caused by an unreasonable risk, which Plaintiff Bez, by exercising ordinary care, could not discover.

68. Upon information and belief, Defendant Marriott International's agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, were acting in the course and scope of employment with Defendant Marriott Hotels.

69. Defendant Marriott Hotels, therefore, as principal Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, and Super Sports Company, for  is liable for the wrongful conduct of their agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, and Super Sports Company and their agents, servants, and employees, under the law of vicarious liability, including the Doctrine of *Respondeat Superior*.

70. In particular, Defendant Marriott Hotels had a duty to, *inter alia*:

a. Create and maintain a hazard free environment on their property;

b. Maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Identify hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

d. Rectify hazardous condition(s) which it knew or should have known was on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

e. Warn the Plaintiffs and others legally on the property of any hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

f. Monitor and inspect their property for hazards, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

g. Use ordinary care to inspect maintain and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for the use of the Plaintiffs and others who would foreseeably walk under the archway built for the Stad El-Arab World Cup Tournament;

h. Otherwise exercise reasonable care of their property under the circumstances then and there existing.

71. Defendant Marriott Hotels, by and through its agents, servants, employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, and Super Sports Company and their agents, servants, and employees breached the applicable standards of care, and were negligent by, *inter alia*:

a. Creating the hazardous condition on their property, the archway built for the Stad El-Arab World Cup Tournament;

b. Failing to maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Failing to identify the hazardous condition of the archway built for the Stad El-Arab World Cup Tournament under which Plaintiff Bez was injured;

d. Failing to rectify the hazardous condition under which Plaintiff Bez was injured when it was aware or should have been aware of the condition of the archway, or reasonably should have been aware of the condition;

e. Failing to warn Plaintiff Bez, as an individual legally on the property, under the archway, of the hazardous condition of the archway;

f. Failing to monitor and/or inspect the archway built for the Stad El-Arab World Cup Tournament for its hazardous condition;

g. Failing to use ordinary care to inspect, maintain, and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for Plaintiff Bez's use, as a member of the public who would foreseeably walk under the archway;

h. Defendant Marriott Hotels otherwise failed to exercise reasonable and ordinary care under the circumstances then and there existing.

72. As a direct and proximate result of Defendant Marriott Hotels' negligent acts and omissions, Plaintiff Bez sustained severe, permanent, life-altering injuries, which necessitated medical evaluation and treatment, which will require ongoing medical treatment.

73. As a further direct and proximate result of Defendant Marriott Hotels' negligent acts and omissions, Plaintiff Bez has incurred medical and related expenses and will incur additional medical and related expenses in the future.

74. As a further direct and proximate result of Defendant Marriott Hotels' negligent acts and omissions and statutory violations, Plaintiff Bez incurred and will continue to incur lost wages and a loss of her earning capacity.

75. As a further direct and proximate result of Defendant Marriott Hotels' negligent acts and omissions, Plaintiff Bez suffered severe and permanent injuries to her mind and body that limited and will limit her usual activities.

76. As a further direct and proximate result of Defendant Marriott Hotels' negligent acts and omissions, Plaintiff Bez has been forced to undergo, and will continue to undergo in the future, physical, mental, and emotional pain and suffering.

77. All of the Plaintiff Bez's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Marriott Hotels and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Bez and without an opportunity for Plaintiff Bez to avoid the collapsing archway.

WHEREFORE, Plaintiff, Denise Rosane Martins Bez demands judgment against Defendant Marriott Hotels International, B.V., in a sum that exceeds Seventy-Five Thousand Dollars ($ 75,000.00), plus interests, costs and all other relief deemed necessary and just under the circumstances.

**COUNT VI – NEGLIGENCE**

(Plaintiff Elizabeth Martins Olivo v. Defendant Marriott International, Inc.)

78. Plaintiff Olivo realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 77, as if the same were set forth at length herein.

79. Defendant Marriott International, at all times relevant, is and was the operator of the hotel/resort, Marriott Mena House – Cairo, by and though their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and their agents, servants, and employees, and was responsible for the construction of and maintenance of the archway that collapsed, by and through their employees, staff, agents, and/or servants/contractors

including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, and otherwise had a duty to use reasonable and ordinary care to maintain the hotel/resort, Marriott Mena House – Cairo, and build and maintain the archway in a safe manner for Plaintiff Olivo and all others, and had a duty to protect against injury caused by an unreasonable risk, which Plaintiff Olivo, by exercising ordinary care, could not discover.

80. Upon information and belief, Defendant Marriott International's agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, were acting in the course and scope of employment with Defendant Marriott International.

81. Defendant Marriott International, therefore, as principal for Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company, is liable for the wrongful conduct of their agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, under the law of vicarious liability, including the Doctrine of *Respondeat Superior*.

82. In particular, Defendant Marriott International had a duty to, *inter alia*:

a. Create and maintain a hazard free environment on their property;

b. Maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Identify hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

d. Rectify hazardous condition(s) which it knew or should have known was on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

e. Warn the Plaintiffs and others legally on the property of any hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

f. Monitor and inspect their property for hazards, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

g. Use ordinary care to inspect maintain and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for the use of the Plaintiffs and others who would foreseeably walk under the archway built for the Stad El-Arab World Cup Tournament;

h. Otherwise exercise reasonable care of their property under the circumstances then and there existing.

83. Defendant Marriott International, by and through its agents, servants, employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees breached the applicable standards of care, and were negligent by, *inter alia*:

a. Creating the hazardous condition on their property, the archway built for the Stad El-Arab World Cup Tournament;

b. Failing to maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Failing to identify the hazardous condition of the archway built for the Stad El-Arab World Cup Tournament under which Plaintiff Olivo was injured;

d. Failing to rectify the hazardous condition under which Plaintiff Olivo was injured when it was aware or should have been aware of the condition of the archway, or reasonably should have been aware of the condition;

e. Failing to warn Plaintiff Olivo, as an individual legally on the property, under the archway, of the hazardous condition of the archway;

f. Failing to monitor and/or inspect the archway built for the Stad El-Arab World Cup Tournament for its hazardous condition;

g. Failing to use ordinary care to inspect, maintain, and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for Plaintiff Olivo's use, as a member of the public who would foreseeably walk under the archway;

h. Defendant Marriott International otherwise failed to exercise reasonable and ordinary care under the circumstances then and there existing.

84. As a direct and proximate result of Defendant Marriott International's negligent acts and omissions, Plaintiff Olivo sustained severe, permanent, life-altering injuries, which necessitated medical evaluation and treatment, which will require ongoing medical treatment.

85. As a further direct and proximate result of Defendant Marriott International's negligent acts and omissions, Plaintiff Olivo has incurred medical and related expenses and will incur additional medical and related expenses in the future.

86. As a further direct and proximate result of Defendant Marriott International's negligent acts and omissions and statutory violations, Plaintiff Olivo incurred and will continue to incur lost wages and a loss of her earning capacity.

87. As a further direct and proximate result of Defendant Marriott International's negligent acts and omissions, Plaintiff Olivo suffered severe and permanent injuries to her mind and body that limited and will limit her usual activities.

88. As a further direct and proximate result of Defendant Marriott International's negligent acts and omissions, Plaintiff Olivo has been forced to undergo, and will continue to undergo in the future, physical, mental, and emotional pain and suffering.

89. All of the Plaintiff Olivo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Marriott International and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Olivo and without an opportunity for the Plaintiff to avoid the collapsing archway.

WHEREFORE, Plaintiff, Elizabeth Martins Olivo demands judgment against Defendant Marriott International, Inc., in a sum that exceeds Seventy-Five Thousand Dollars ($ 75,000.00), plus interests, costs and all other relief deemed necessary and just under the circumstances.

**COUNT VII – NEGLIGENCE**

(Plaintiff Elizabeth Martins Olivo v. Defendant Marriott International Hotels, Inc.)

90. Plaintiff Olivo realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 89, as if the same were set forth at length herein.

91. Defendant Marriott International Hotels, at all times relevant, is and was the operator of the hotel/resort, Marriott Mena House – Cairo, by and though their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and their agents, servants, and employees, and was responsible for the construction of and maintenance of the archway that collapsed, by and through their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, and otherwise had a duty to use reasonable and ordinary care to maintain the hotel/resort, Marriott Mena House – Cairo, and build and maintain the archway in a safe manner for Plaintiff Olivo and all others, and had a duty to protect against injury caused by an unreasonable risk, which Plaintiff Olivo, by exercising ordinary care, could not discover.

92. Upon information and belief, Defendant Marriott International Hotels' agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, were acting in the course and scope of employment with Defendant Marriott International Hotels.

93. Defendant Marriott International Hotels, therefore, as principal for Defendant Marriott International, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company, is liable for the wrongful conduct of their agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company

and their agents, servants, and employees, under the law of vicarious liability, including the Doctrine of *Respondeat Superior*.

94. In particular, Defendant Marriott International Hotels had a duty to, *inter alia*:

a. Create and maintain a hazard free environment on their property;

b. Maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Identify hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

d. Rectify hazardous condition(s) which it knew or should have known was on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

e. Warn the Plaintiffs and others legally on the property of any hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

f. Monitor and inspect their property for hazards, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

g. Use ordinary care to inspect maintain and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for the use of the Plaintiffs and others who would foreseeably walk under the archway built for the Stad El-Arab World Cup Tournament;

h. Otherwise exercise reasonable care of their property under the circumstances then and there existing.

95. Defendant Marriott International Hotels, by and through its agents, servants, employees, including, but not limited to, Defendant Marriott International, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees breached the applicable standards of care, and were negligent by, *inter alia*:

a. Creating the hazardous condition on their property, the archway built for the Stad El-Arab World Cup Tournament;

b. Failing to maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Failing to identify the hazardous condition of the archway built for the Stad El-Arab World Cup Tournament under which Plaintiff Olivo was injured;

d. Failing to rectify the hazardous condition under which Plaintiff Olivo was injured when it was aware or should have been aware of the condition of the archway, or reasonably should have been aware of the condition;

e. Failing to warn Plaintiff Olivo, as an individual legally on the property, under the archway, of the hazardous condition of the archway;

f. Failing to monitor and/or inspect the archway built for the Stad El-Arab World Cup Tournament for its hazardous condition;

g. Failing to use ordinary care to inspect, maintain, and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for Plaintiff Olivo's use, as a member of the public who would foreseeably walk under the archway;

h. Defendant Marriott International Hotels otherwise failed to exercise reasonable and ordinary care under the circumstances then and there existing.

96. As a direct and proximate result of Defendant Marriott International Hotels' negligent acts and omissions, Plaintiff Olivo sustained severe, permanent, life-altering injuries, which necessitated medical evaluation and treatment, which will require ongoing medical treatment.

97. As a further direct and proximate result of Defendant Marriott International Hotels' negligent acts and omissions, Plaintiff Olivo has incurred medical and related expenses and will incur additional medical and related expenses in the future.

98. As a further direct and proximate result of Defendant Marriott International Hotels' negligent acts and omissions and statutory violations, Plaintiff Olivo incurred and will continue to incur lost wages and a loss of her earning capacity.

99. As a further direct and proximate result of Defendant Marriott International Hotels' negligent acts and omissions, Plaintiff Olivo suffered severe and permanent injuries to her mind and body that limited and will limit their usual activities.

100. As a further direct and proximate result of Defendant Marriott International Hotels' negligent acts and omissions, Plaintiff Olivo has been forced to undergo, and will continue to undergo in the future, physical, mental, and emotional pain and suffering.

101. All of the Plaintiff Olivo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Marriott International Hotels and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Olivo and without an opportunity for Plaintiff Olivo to avoid the collapsing archway.

WHEREFORE, Plaintiff, Elizabeth Martins Olivo demands judgment against Defendant Marriott International Hotels, Inc., in a sum that exceeds Seventy-Five Thousand Dollars ($ 75,000.00), plus interests, costs and all other relief deemed necessary and just under the circumstances.

**COUNT VIII – NEGLIGENCE**

(Plaintiff Elizabeth Martins Olivo v. Defendant Marriott Mena House - Cairo)

102. Plaintiff Olivo realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 101, as if the same were set forth at length herein.

103. Defendant Marriott Cairo, at all times relevant, is and was the operator of the hotel/resort, Marriott Mena House – Cairo, by and though their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Luxury Hotels, Defendant Marriott Hotels and their agents, servants, and employees, and was responsible for the construction of and maintenance of the archway that collapsed, by and through their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, and otherwise had a duty to use reasonable and ordinary care to maintain the hotel/resort, Marriott Mena House – Cairo, and build and maintain the archway in a safe manner for Plaintiff Olivo and all others, and had a duty to protect against injury caused by an unreasonable risk, which Plaintiff Olivo, by exercising ordinary care, could not discover.

104. Upon information and belief, Defendant Marriott Cairo's agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports

Company and their agents, servants, and employees, were acting in the course and scope of employment with Defendant Marriott Cairo.

105. Defendant Marriott Cairo, therefore, as principal for Defendant Marriott International, Defendant Marriott International Hotels, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company, is liable for the wrongful conduct of their agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, under the law of vicarious liability, including the Doctrine of *Respondeat Superior*.

106. In particular, Defendant Marriott Cairo had a duty to, *inter alia*:

a. Create and maintain a hazard free environment on their property;

b. Maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Identify hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

d. Rectify hazardous condition(s) which it knew or should have known was on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

e. Warn the Plaintiffs and others legally on the property of any hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

f. Monitor and inspect their property for hazards, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

g. Use ordinary care to inspect maintain and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for the use of the Plaintiffs and others who would foreseeably walk under the archway built for the Stad El-Arab World Cup Tournament;

h. Otherwise exercise reasonable care of their property under the circumstances then and there existing.

107. Defendant Marriott Cairo, by and through its agents, servants, employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees breached the applicable standards of care, and were negligent by, *inter alia*:

a. Creating the hazardous condition on their property, the archway built for the Stad El-Arab World Cup Tournament;

b. Failing to maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Failing to identify the hazardous condition of the archway built for the Stad El-Arab World Cup Tournament under which Plaintiff Olivo was injured;

d. Failing to rectify the hazardous condition under which Plaintiff Olivo was injured when it was aware or should have been aware of the condition of the archway, or reasonably should have been aware of the condition;

e. Failing to warn Plaintiff Olivo, as an individual legally on the property, under the archway, of the hazardous condition of the archway;

f. Failing to monitor and/or inspect the archway built for the Stad El-Arab World Cup Tournament for its hazardous condition;

g. Failing to use ordinary care to inspect, maintain, and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for Plaintiff Olivo's use, as a member of the public who would foreseeably walk under the archway;

h. Defendant Marriott Cairo otherwise failed to exercise reasonable and ordinary care under the circumstances then and there existing.

108. As a direct and proximate result of Defendant Marriott Cairo's negligent acts and omissions, Plaintiff Olivo sustained severe, permanent, life-altering injuries, which necessitated medical evaluation and treatment, which will require ongoing medical treatment.

109. As a further direct and proximate result of Marriott Cairo's negligent acts and omissions, Plaintiff Olivo has incurred medical and related expenses and will incur additional medical and related expenses in the future.

110. As a further direct and proximate result of Defendant Marriott Cairo's negligent acts and omissions and statutory violations, Plaintiff Olivo incurred and will continue to incur lost wages and a loss of their earning capacity.

111. As a further direct and proximate result of Defendant Marriott Cairo's negligent acts and omissions, Plaintiff Olivo suffered severe and permanent injuries to her mind and body that limited and will limit her usual activities.

112. As a further direct and proximate result of Marriott Cairo's negligent acts and omissions, Plaintiff Olivo has been forced to undergo, and will continue to undergo in the future, physical, mental, and emotional pain and suffering.

113. All of the Plaintiff Olivo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Marriott Cairo and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Olivo and without an opportunity for Plaintiff Olivo to avoid the collapsing archway.

WHEREFORE, Plaintiff, Elizabeth Martins Olivo demands judgment against Defendant Marriott Mena House – Cairo, in a sum that exceeds Seventy-Five Thousand Dollars ($ 75,000.00), plus interests, costs and all other relief deemed necessary and just under the circumstances.

**COUNT IX – NEGLIGENCE**

(Plaintiff Elizabeth Martins Olivo v. Defendant Luxury Hotels International Management Company, B.V.)

114. Plaintiff Olivo realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 113, as if the same were set forth at length herein.

115. Defendant Luxury Hotels, at all times relevant, is and was the operator of the hotel/resort, Marriott Mena House – Cairo, by and though their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Marriott Hotels and their agents, servants, and employees, and was responsible for the construction of and maintenance of the archway that collapsed, by and through their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, and otherwise had a duty to use reasonable and ordinary care to maintain the hotel/resort, Marriott Mena House – Cairo, and build and maintain the archway in a safe manner for Plaintiff Olivo and all others, and had a duty

to protect against injury caused by an unreasonable risk, which Plaintiff Olivo, by exercising ordinary care, could not discover.

116. Upon information and belief, Defendant Luxury Hotels' agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, were acting in the course and scope of employment with Defendant Luxury Hotels.

117. Defendant Luxury Hotels, therefore, as principal for Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Marriott Hotels and Super Sports Company, is liable for the wrongful conduct of their agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, under the law of vicarious liability, including the Doctrine of *Respondeat Superior*.

118. In particular, Defendant Luxury Hotels had a duty to, *inter alia*:

a. Create and maintain a hazard free environment on their property;

b. Maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Identify hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

d. Rectify hazardous condition(s) which it knew or should have known was on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

e. Warn the Plaintiffs and others legally on the property of any hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

f. Monitor and inspect their property for hazards, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

g. Use ordinary care to inspect maintain and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for the use of the Plaintiffs and others who would foreseeably walk under the archway built for the Stad El-Arab World Cup Tournament;

h. Otherwise exercise reasonable care of their property under the circumstances then and there existing.

119. Defendant Luxury Hotels, by and through its agents, servants, employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees breached the applicable standards of care, and were negligent by, *inter alia*:

a. Creating the hazardous condition on their property, the archway built for the Stad El-Arab World Cup Tournament;

b. Failing to maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Failing to identify the hazardous condition of the archway built for the Stad El-Arab World Cup Tournament under which Plaintiff Olivo was injured;

d. Failing to rectify the hazardous condition under which Plaintiff Olivo was injured when it was aware or should have been aware of the condition of the archway, or reasonably should have been aware of the condition;

e. Failing to warn Plaintiff Olivo, as an individual legally on the property, under the archway, of the hazardous condition of the archway;

f. Failing to monitor and/or inspect the archway built for the Stad El-Arab World Cup Tournament for its hazardous condition;

g. Failing to use ordinary care to inspect, maintain, and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for Plaintiff Olivo's use, as a member of the public who would foreseeably walk under the archway;

h. Defendant Luxury Hotels otherwise failed to exercise reasonable and ordinary care under the circumstances then and there existing.

120. As a direct and proximate result of Defendant Luxury Hotels' negligent acts and omissions, Plaintiff Olivo sustained severe, permanent, life-altering injuries, which necessitated medical evaluation and treatment, which will require ongoing medical treatment.

121. As a further direct and proximate result of Luxury Hotels' negligent acts and omissions, Plaintiff Olivo has incurred medical and related expenses and will incur additional medical and related expenses in the future.

122. As a further direct and proximate result of Defendant Luxury Hotels' negligent acts and omissions and statutory violations, Plaintiff Olivo incurred and will continue to incur lost wages and a loss of her earning capacity.

123. As a further direct and proximate result of Defendant Luxury Hotels' negligent acts and omissions, Plaintiff Olivo suffered severe and permanent injuries to her mind and body that limited and will limit her usual activities.

124. As a further direct and proximate result of Luxury Hotels' negligent acts and omissions, Plaintiff Olivo has been forced to undergo, and will continue to undergo in the future, physical, mental, and emotional pain and suffering.

125. All of the Plaintiff Olivo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Luxury Hotels and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Olivo and without an opportunity for Plaintiff Olivo to avoid the collapsing archway.

WHEREFORE, Plaintiff, Elizabeth Martins Olivo demands judgment against Defendant Luxury Hotels International Management Company, B.V., in a sum that exceeds Seventy-Five Thousand Dollars ($ 75,000.00), plus interests, costs and all other relief deemed necessary and just under the circumstances.

**COUNT X – NEGLIGENCE**

(Plaintiff Elizabeth Martins Olivo v. Defendant Marriott Hotels International, B.V.)

126. Plaintiff Olivo realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 125, as if the same were set forth at length herein.

127. Defendant Marriott Hotels, at all times relevant, is and was the operator of the hotel/resort, Marriott Mena House – Cairo, by and though their employees, staff, agents, and/or servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, and their agents, servants, and employees, and was responsible for the construction of and maintenance of the archway that collapsed, by and through their employees, staff, agents, and/or

servants/contractors including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, and Super Sports Company and their agents, servants, and employees, and otherwise had a duty to use reasonable and ordinary care to maintain the hotel/resort, Marriott Mena House – Cairo, and build and maintain the archway in a safe manner for Plaintiff Olivo and all others, and had a duty to protect against injury caused by an unreasonable risk, which Plaintiff Olivo, by exercising ordinary care, could not discover.

128. Upon information and belief, Defendant Marriott International's agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, Defendant Marriott Hotels and Super Sports Company and their agents, servants, and employees, were acting in the course and scope of employment with Defendant Marriott Hotels.

129. Defendant Marriott Hotels, therefore, as principal for Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, and Super Sports Company, is liable for the wrongful conduct of their agents, servants, and employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Marriott Cairo, Defendant Luxury Hotels, and Super Sports Company and their agents, servants, and employees, under the law of vicarious liability, including the Doctrine of *Respondeat Superior*.

130. In particular, Defendant Marriott Hotels had a duty to, *inter alia*:

a. Create and maintain a hazard free environment on their property;

b. Maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Identify hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

d. Rectify hazardous condition(s) which it knew or should have known was on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

e. Warn the Plaintiffs and others legally on the property of any hazardous condition(s) on their property, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

f. Monitor and inspect their property for hazards, including, but not limited to, the archway built for the Stad El-Arab World Cup Tournament;

g. Use ordinary care to inspect maintain and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for the use of the Plaintiffs and others who would foreseeably walk under the archway built for the Stad El-Arab World Cup Tournament;

h. Otherwise exercise reasonable care of their property under the circumstances then and there existing.

131. Defendant Marriott Hotels, by and through its agents, servants, employees, including, but not limited to, Defendant Marriott International, Defendant Marriott International Hotels, Defendant Luxury Hotels, and Super Sports Company and their agents, servants, and employees breached the applicable standards of care, and were negligent by, *inter alia*:

a. Creating the hazardous condition on their property, the archway built for the Stad El-Arab World Cup Tournament;

b. Failing to maintain the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition;

c. Failing to identify the hazardous condition of the archway built for the Stad El-Arab World Cup Tournament under which Plaintiff Olivo was injured;

d. Failing to rectify the hazardous condition under which Plaintiff Olivo was injured when it was aware or should have been aware of the condition of the archway, or reasonably should have been aware of the condition;

e. Failing to warn Plaintiff Olivo, as an individual legally on the property, under the archway, of the hazardous condition of the archway;

f. Failing to monitor and/or inspect the archway built for the Stad El-Arab World Cup Tournament for its hazardous condition;

g. Failing to use ordinary care to inspect, maintain, and repair the archway built for the Stad El-Arab World Cup Tournament in a reasonably safe condition for Plaintiff Olivo's use, as a member of the public who would foreseeably walk under the archway;

h. Defendant Marriott hotels otherwise failed to exercise reasonable and ordinary care under the circumstances then and there existing.

132. As a direct and proximate result of Defendant Marriott Hotels' negligent acts and omissions, Plaintiff Olivo sustained severe, permanent, life-altering injuries, which necessitated medical evaluation and treatment, which will require ongoing medical treatment.

133. As a further direct and proximate result of Defendant Marriott Hotels' negligent acts and omissions, Plaintiff Olivo has incurred medical and related expenses and will incur additional medical and related expenses in the future.

134. As a further direct and proximate result of Defendant Marriott Hotels' negligent acts and omissions and statutory violations, Plaintiff Olivo incurred and will continue to incur lost wages and a loss of her earning capacity.

135. As a further direct and proximate result of Defendant Marriott Hotels' negligent acts and omissions, Plaintiff Olivo suffered severe and permanent injuries to her mind and body that limited and will limit her usual activities.

136. As a further direct and proximate result of Defendant Marriott Hotels' negligent acts and omissions, Plaintiff Olivo have been forced to undergo, and will continue to undergo in the future, physical, mental, and emotional pain and suffering.

137. All of the Plaintiff Olivo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Marriott Hotels and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Olivo and without an opportunity for Plaintiff Olivo to avoid the collapsing archway.

WHEREFORE, Plaintiff, Elizabeth Martins Olivo demands judgment against Defendant Marriott Hotels International, B.V., in a sum that exceeds Seventy-Five Thousand Dollars ($ 75,000.00), plus interests, costs and all other relief deemed necessary and just under the circumstances.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By: *<u>/s/ John J. Yannone</u>*________
John J. Yannone, Esq. (Bar # 04396)
Arren T. Waldrep, Esq. (Bar # 14924)
Justin A. Turner, Esq. (Bar # 20186)
409 7th Street, N.W., Suite 200
Washington, D.C. 20004
Phone: (202) 417-6000
Facsimile: (301) 244-6659
john@pricebenowitzlaw.com
arren@pricebenowitzlaw.com
jturner@pricebenowitzlaw.com
*Attorneys for Plaintiffs*

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand trial by jury.

By: *<u>/s/ John J. Yannone</u>*
John J. Yannone, Esq.

**<u>RULE 1-313 CERTIFICATE</u>**

I certify that I am admitted to the practice of law in the State of Maryland, that my Maryland bar status is current and active, and that my District of Columbia office is located at the address listed above.

Date: <u>10/1/2024</u> By: *<u>/s/ John J. Yannone</u>*
John J. Yannone, Esq.

Date: <u>10/1/2024</u> By: *<u>/s/ Arren T. Waldrep</u>*
Arren T. Waldrep, Esq.

Date: <u>10/1/2024</u> By: *<u>/s/ Justin A. Turner</u>*
Justin A. Turner, Esq.